**ORAL ARGUMENT HAS NOT YET BEEN SCHEDULED**

**No. 13-4571**

_____

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**United States of America**

**v.**

**William Barnes**

_____

**ON APPEAL FROM THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF MARYLAND,
GREENBELT DIVISION**

_____

**BRIEF OF APPELLANT**

_____

| | |
|---|---|
| **Carmen D. Hernandez** | **AUSA James A. Crowell, IV** |
| 7166 Mink Hollow Rd | 6500 Cherrywood Ln Ste 400 |
| Highland, MD  20777 | Greenbelt, MD 20770 |
| (240) 472-3391 | (301) 344-4341 |
| _Counsel for Appellant_ | _Counsel for Appellee_ |

D.Ct. No: 8:06-cr-00131-RWT-11

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

**(A) Parties and Amici**

The parties appearing in the lower court and this appeal are Defendant-Appellant William Barnes, who is represented by undersigned counsel, Carmen D. Hernandez, appointed under the Criminal Justice Act; and Plaintiff-Appellee United States of America, who is represented by Assistant United States Attorneys James A. Crowell, IV.   The Honorable Roger W. Titus presided over the case in the district court.   There are no *amici curiae*.

**(B) Rulings Under Review.**

Mr.   Barnes appeals the sentence entered against him for a violation of supervised release in Case No. 08-cr-00328 on October 20, 2010.

**(C) Related Cases**

There are no related cases on appeal.

## STATEMENT REGARDING ORAL ARGUMENT

William Barnes, the defendant below, respectfully requests oral argument. His appeal presents important and complex questions about the interpretation and application of 18 U.S.C. § 3553 in supervised release cases and the constitutionality of 18 U.S.C. § 3583, as applied to him. Oral argument could assist the Court in its consideration of the issues.

# TABLE OF CONTENTS

CERTIFICATE AS TO PARTIES, RULINGS, AND
RELATED CASES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

TABLE OF CITATIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . vii

STATEMENT OF JURISDICTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE ISSUES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE

      A.    Nature and Circumstances of the Offense. . . . . . . . . . . . . . . . . . . . . . 2

      B.    History and Characteristics of the Defendant.. . . . . . . . . . . . . . . . . . 3

      C.    History of Drug Addiction and Course of Supervision. . . . . . . . . . . 4

      D.    The Instant Violation. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

I.     THE SENTENCE WAS PLAINLY UNREASONABLE AND
     VIOLATED MR. BARNES' CONSTITUTIONAL RIGHTS. . . . . . . . . . 8

      A.    Standard of Review.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

      B.    Imprisoning Mr. Barnes, A Drug Addict with Bipolar
          Disorder Without First Providing Him Treatment is Plainly
          Unreasonable and Violates the Eighth Amendment.. . . . . . . . . . . . 9

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF FILING AND SERVICE. . . . . . . . . . . . . . . . . . . . . . . 12

## TABLE OF CITATIONS

**Cases**                                                                **Page**

*Blanco de Belbruno v. Ashcroft*,
    362 F.3d 272 (4th Cir. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Robinson v. California*,
    370 U.S. 660 (1962). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9-10

*Solem v. Helm*,
    463 U.S. 277 (1983). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*United States v. Legree*,
    205 F.3d 724, 728 (4th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. McNeil*,
    415 F.3d 273 (2nd Cir. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*United States v. Pregent*,
    190 F.3d 279, 282 (4th Cir. 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

## CONSTITUTION, STATUTES, RULES, GUIDELINES AND OTHER MATERIALS

### Constitutional Provisions

U.S. Const., amend. VIII. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 15, 23

## JURISDICTION

The district court had jurisdiction over this violation of supervised release pursuant to 18 U.S.C. § 3231 and 18 U.S.C. § 3583(e). That court entered a final judgment on July 18, 2013. Mr. Barnes filed a timely notice of appeal on August 1, 2013. This Court therefore has jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 3742.

## ISSUES PRESENTED FOR REVIEW

1. Whether the 9-month sentence of imprisonment, the high end of the advisory guideline range for a violation of supervised release based on drug use while on supervised release was plainly unreasonable?

2. Whether imposing a sentence of imprisonment for violation of supervised release based on drug use by a person addicted to drugs, who also suffers from bipolar disorder violates the Eighth Amendment and the Due Process Clause of the United States Constitution?

## STATEMENT OF THE CASE

This criminal appeal seeks review of a 9-month sentence of imprisonment for a violation of supervised release. In selecting the sentence, which was the high end of the recommended guideline range, the district court committed substantive and procedural errors.

### A.      Nature and Circumstances of the Underlying Offense

On May 8, 2008, the Honorable Roger W. Titus sentenced sentenced William Barnes to 55 months in prison for the offense of conspiracy to distribute a controlled substance, followed by supervised release for a term of five years. JA at 11. This was his first felony conviction. Sent'g TR 5.[1] He pleaded guilty and agreed that he was accountable for more than 500 grams of powder and more than 50-grams of crack cocaine. *Id.* He participated in the conspiracy for only a few months, during which time he was fronted the drugs, and often used them rather than distribute them. *Id.* at 9-11, 14. From the start, he admitted he had a problem with addiction to drugs and sought treatment. *Id.* at 3-5. At the time, the district court found the defendant eligible for treatment under the Safety Valve, 18 U.S.C. § 3553(f).

---

[1] "VSR TR #" refers to the Transcript of the Violation Hearing, which took place July 16, 2013, followed by the page number. "Sent'g TR #" refers to the Transcript of the original Sentencing Hearing on the underlying conviction, which took place on May 8, 2008, followed by the page number.

Supervision began on December 23, 2010.

### B. History and Characteristics of the Defendant

Mr. Barnes is a 31-year old, married father of four children aged 11 to 6. VSR TR at 17. He and his wife have been together for more than 11 years. He has limited education and was raised in a financially strapped family. Sent'g TR at 5. His wife is a home-health care aid. Mr. Barnes stays home and takes care of the children. *Id.* at 18. He is a good father. *Id.*

His middle child, who is 9 years old suffers from spastic paraplegia, a inherited diseases whose main feature is progressive stiffness and spasticity in the lower limbs, as a result of damage to or dysfunction of the nerves.[2] Physically, it appears like cerebral palsy although the diseases are distinct. The child is in a wheel chair and his cognitive abilities have been deteriorating. *Id.* The family lives in a walk-up apartment without an elevator so that the 9-year old must be carried up the stairs. When he is home, Mr. Barnes carries the child up the stairs and takes care of him. When Mr. Barnes is imprisoned, his wife is left with the difficult of taking care of the wheel-chair bound child and often loses days from work because she has to stay home to care for the children if the babysitter is unavailable or one of the children is sick. *Id.* The child receives treatment at Children's Hospital in Washington, D.C.

---

[2] http://en.wikipedia.org/wiki/Hereditary_spastic_paraplegia

-3-

At the time, Mr. Barnes appeared for the violation hearing in July 2013, Children's Hospital had scheduled genetic testing for September and October 2013, in connection with the child's spastic paraplegia that required Mr. Barnes attendance. *Id.* The district court denied the request to self-surrender for the sentence until after the genetic testing was completed. The youngest child suffers from ADHD. *Id.*

This past summer, Mr. Barnes was diagnosed with bipolar disorder and was just beginning to receive outpatient treatment when the district court revoked his supervised release. *Id.* at 19.

### C.    History of Drug Addiction and Course of Supervision

Throughout his supervision, including pretrial release, Mr. Barnes has acknowledged his drug problems and has sought help to deal with his addiction. Sent'g TR at 3-4. During his supervision, he reported to the Probation Officer that he was having difficulty with his drug addiction and sought additional or more intensive mental health and counseling programs. For example, in March 2011, Mr. Barnes contacted the Probation Officer to advise that he had used cocaine. Doc 628. The Probation Officer reported to the Court that Mr. Barnes "appears to be forthcoming and proactive about his use and the necessary steps to follow up on regaining supervision" and noted that she had modified his treatment plan to an "intensive outpatient program. *Id.* The Court agreed with the action. *Id.*

-4-

In July 2011, the Probation Officer reported to the Court that Mr. Barnes had advised her that "he is struggling with his coping and general life skills and believes that mental health treatment, in addition to his current substance abuse treatment, would be beneficial. Mr. Barnes' drug treatment counselor concurs with this modification." Doc. 630, filed 7/29/11. The district court agreed with the modification to include mental health treatment.

While he participated in increasingly more intensive treatment including mental health treatment, group counseling, and drug rehabilitation, he sometimes relapsed. VSR TR 6. At times he failed to appear for drug testing, or failed the drug test. The programs were fairly strict in that if he arrived late, he would not be allowed to participate and was marked absent. VSR TR at 25-26. On February 29, 2012, the Probation Officer filed, under seal, a Notice of Violation and request for hearing alleging violations of the conditions of Mr. Barnes' supervised release. On September 24, 2012, the Court found Mr. Barnes in violation and sentenced him to 6-months imprisonment to be followed by an additional 4 years of supervised release. Doc 685. Mr. Barnes did not appeal that revocation.

### D.    The Instant Violation

During the 6-month term of imprisonment, Mr. Barnes did not receive any drug treatment. After several months in prison, he was released to a half-way house on March 22, 2013. Supervision began anew on March 25, 2013. VSR TR 25.

Even before supervision began, the relationship between Mr. Barnes and the Probation Officer had become strained. For example, while he was still in prison, the Probation Officer visited Mr. Barnes' wife at the family home and suggested to her that she should leave Mr. Barnes because he was a loser. *Id.* 10. The Probation Officer also denied him permission to participate in a program to learn to drive tractor trailers that was recommended and would be paid for by the Halfway House. The Probation Officer's stated reason for rejecting the program was because it was located in Spotsylvania, Virginia, outside her geographical area of supervision. *Id.*

Needless to say, things went down hill after that. On first day of supervision, March 25, 2013, when he was tested by the Probation Officer, he tested positive for cocaine. Petition, Doc 700. He told the Court that he had obtained the drugs while in the halfway house. VSR TR at 25. On May 13, 2013, he again tested positive for marihuana and cocaine. Doc 709. Thereafter, Mr. Barnes failed to report for urinalysis on 3 occasions, failed to attend individual counseling, and was not home when the Probation Officer visited. Doc. 712.

-6-

After a hearing on July 16, 2013, the district court again revoked supervision and sentenced Mr. Barnes to imprisonment for 9 months to be followed by a term of supervised release of 3 years and 9 months. *See* Judgment, Doc 718, entered on 7/18/13. The sentence imposed was the high end of the advisory guideline range.

On July 19, 2013, Mr. Barnes filed a Motion to Alter the Judgment seeking to have the district court allow him to self-surrender so that he could participate in the genetic testing for his child or to amend the judgment to a sentence of home detention for three months to be followed by a term of imprisonment of 6 months to allow for the medical evaluation of his child's hereditary spastic paraplegia to take place. Doc. 720. That motion has not been ruled on by the district court. Mr. Barnes filed this timely appeal on August 1, 2013. Doc. 722.

## SUMMARY OF THE ARGUMENT

The 9-month sentence of imprisonment was plainly unreasonable. The sentence was the high end of the advisory guideline range for a violation of supervised release based on a single incident of drug use and a failure to attend for other drug testing while on supervised release was plainly unreasonable where the Defendant has a long-standing drug addiction, had just been released from prison where he did not receive any drug treatment, had recently been diagnosed with bipolar disorder and had a difficult relationship with his probation officer. The

strained relationship with the Probation Officer resulted from the fact that the Officer had suggested to the Defendant's wife that she should leave him, after nearly 12 years of marriage because the defendant was a loser and had denied his request to participate in vocational training.

In addition, imposition of a sentence of imprisonment based on drug use by a person addicted to drugs, who also suffers from bipolar disorder violates the Eighth Amendment and the Due Process Clause of the United States Constitution.

## ARGUMENT

## I.   THE SENTENCE WAS PLAINLY  UNREASONABLE

### A.   Standard of Review

Courts typically review a decision to revoke a defendant's supervised release for an abuse of discretion.  *See United States v. Pregent*, 190 F.3d 279, 282 (4th Cir. 1999).  However, Mr.  Barnes alleges violations of both his statutory rights under § 3583 and of his right to due process under the Fifth Amendment of the United States Constitution. As a result, the appropriate standard of review should be *de novo*. *See United States v. McNeil*, 415 F.3d 273, 276 (2nd Cir. 2005) (reviewing a challenge that the charging petition for the revocation of supervised release violated Due Process *de novo*); *see also Blanco de Belbruno v. Ashcroft*, 362 F.3d 272**,** 278 (4th Cir. 2004)(this court reviews legal issues, including claims of due process violations,

-8-

*de novo); United States v. Legree*, 205 F.3d 724, 728 (4th Cir. 2000)(we review the

alleged denial of due process *de novo*).

> **B.    Imprisoning Mr. Barnes, A Drug Addict with Bipolar Disorder Without First Providing Him Treatment is Plainly Unreasonable and Violates the Eighth Amendment**

The Supreme Court long ago recognized that drug addiction is a disease.

*Robinson v. California*,  370 U.S. 660, 666-667 (1962)

> It is unlikely that any State at this moment in history would attempt to make it a criminal offense for a person to be mentally ill, or a leper, or to be afflicted with a venereal disease. A State might determine that the general health and welfare require that the victims of these and other human afflictions be dealt with by compulsory treatment, involving quarantine, confinement, or sequestration. But, in the light of contemporary human knowledge, a law which made a criminal offense of such a disease would doubtless be universally thought to be an infliction of cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments. See State of Louisiana ex rel. Francis v. Resweber, 329 U.S. 459.

> We cannot but consider the statute before us as of the same category. In this Court counsel for the State recognized that narcotic addiction is an illness. Indeed, it is apparently an illness which may be contracted innocently or involuntarily. We hold that a state law which imprisons a person thus afflicted as a criminal, even though he has never touched any narcotic drug within the State or been guilty of any irregular behavior there, inflicts a cruel and unusual punishment in violation of the Fourteenth Amendment. To be sure, imprisonment for ninety days is

-9-

> not, in the abstract, a punishment which is either cruel or
> unusual. But the question cannot be considered in the
> abstract. Even one day in prison would be a cruel and
> unusual punishment for the 'crime' of having a common
> cold.

*Robinson v. California*,  370 U.S. at 666-667.

In the instant case, it is undisputed that Mr. Barnes is a drug addict, with a long history of suffering from this disease. While at previous times, the district court afforded him various mental health and counseling programs, during the instant revocation process, the Probation Officer sought to revoke supervised release almost immediately after he was released to his home without first providing him any treatment. At that point, Mr. Barnes had not received any treatment for more than six months while he was imprisoned. The Probation Officer's position in this regard appears to have been tainted by the strained relationship with Mr. Barnes due to her statement to Mr. Barnes' wife that she should leave the defendant because he was a not worthy of the relationship.

Moreover, at the point the Court decided to revoke supervised release, Mr. Barnes' drug addiction was complicated by his recently diagnosed bipolar disorder. That the Court did not take the combination of Mr. Barnes' drug addiction and his added mental disease into account in sentencing Mr. Barnes resulted in a sentence that was plainly unreasonable. *Robinson, supra; see, also Solem v. Helm*,  463 U.S.

-10-

277 (1983) (Eighth Amendment prohibits "sentences that are disproportionate to the crime committed"); 18  U.S.C. § 3553(a) (court shall impose a sentence "sufficient, but not greater than necessary.").

## CONCLUSION

For the reasons stated above, Mr.  Barnes respectfully requests that this Court vacate the district court's revocation of his supervised release and remand this case to the district court for rehearing and re-sentencing.

Respectfully submitted,

**Carmen D. Hernandez**
7166 Mink Hollow Road
Highland, MD 20777
240-472-3391
**Counsel for Appellant**

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I hereby certify, based on the word-counting function of my word processing system (Word Perfect version X4), that this brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) in that the brief was prepared monospaced format (Times New Roman, font size 14) and contains words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

/s/

**Carmen D. Hernandez**
Attorney for Defendant/Appellant

-12-

## CERTIFICATE OF FILING AND SERVICE

I HEREBY CERTIFY that on this 24th day of January, 2014, the required number of copies of the brief and appendix were electronically filed for delivery to AUSA James Crowell. The requisite number of paper copies were delivered to Fedex for service on the Clerk of the Court.

_____
**Carmen D. Hernandez**
Attorney for Defendant/Appellant

**ADDENDUM**

## 18  U.S.C. § 3553. Imposition of a sentence

**(a) Factors To Be Considered in Imposing a Sentence**.—— The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

>(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>(B) to afford adequate deterrence to criminal conduct;
>(C) to protect the public from further crimes of the defendant; and
>(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

>(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

>>(i) issued by the Sentencing Commission pursuant to section 994 (a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994 (p) of title 28); and

>>(ii) that, except as provided in section 3742 (g), are in effect on the date the defendant is sentenced; or

A-1

(B) in the case of a violation of probation . . .

(5) any pertinent policy statement—

(A) issued by the Sentencing Commission pursuant to section 994 (a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994 (p) of title 28); and

(B) that, except as provided in section 3742 (g), is in effect on the date the defendant is sentenced.[1]

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

**18 USC § 3583 - Inclusion of a term of supervised release after imprisonment**

**(a) In General.**— The court, in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment, except that the court shall include as a part of the sentence a requirement that the defendant be placed on a term of supervised release if such a term is required by statute or if the defendant has been convicted for the first time of a domestic violence crime as defined in section 3561 (b).

**(b) Authorized Terms of Supervised Release.**— Except as otherwise provided, the authorized terms of supervised release are—

   (1) for a Class A or Class B felony, not more than five years;
   (2) for a Class C or Class D felony, not more than three years; and
   (3) for a Class E felony, or for a misdemeanor (other than a petty offense), not more than one year.

**(c) Factors To Be Considered in Including a Term of Supervised Release.**— The court, in determining whether to include a term of supervised release, and, if a term of supervised release is to be included, in determining the length of the term and the conditions of supervised release, shall consider the factors set forth in section 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7).

**(d) Conditions of Supervised Release**.— The court shall order, as an explicit condition of supervised release, that the defendant not commit another Federal, State, or local crime during the term of supervision and that the defendant not unlawfully possess a controlled substance. . . . The court shall also order, as an explicit condition of supervised release, that the defendant refrain from any unlawful use of a controlled substance and submit to a drug test within 15 days of release on supervised release and at least 2 periodic drug tests thereafter (as determined by the court) for use of a controlled substance. The condition stated in the preceding sentence may be ameliorated or suspended by the court as provided in section 3563 (a)(4). The results of a drug test administered in accordance with the preceding subsection shall be subject to confirmation only if the results are positive, the defendant is subject to possible imprisonment for such failure, and either the defendant denies the accuracy of such test or there is some other reason to question the results of the test. A drug

test confirmation shall be a urine drug test confirmed using gas chromatography/mass spectrometry techniques or such test as the Director of the Administrative Office of the United States Courts after consultation with the Secretary of Health and Human Services may determine to be of equivalent accuracy. The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such programs, warrants an exception in accordance with United States Sentencing Commission guidelines from the rule of section 3583 (g) when considering any action against a defendant who fails a drug test. The court may order, as a further condition of supervised release, to the extent that such condition—

(1) is reasonably related to the factors set forth in section 3553 (a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);

(2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553 (a)(2)(B), (a)(2)(C), and (a)(2)(D); and

(3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. 994 (a);

any condition set forth as a discretionary condition of probation in section 3563 (b) and any other condition it considers to be appropriate, provided, however that a condition set forth in subsection 3563(b)(10) shall be imposed only for a violation of a condition of supervised release in accordance with section 3583 (e)(2) and only when facilities are available. If an alien defendant is subject to deportation, the court may provide, as a condition of supervised release, that he be deported and remain outside the United States, and may order that he be delivered to a duly authorized immigration official for such deportation. The court may order, as an explicit condition of supervised release for a person who is a felon and required to register under the Sex Offender Registration and Notification Act, that the person submit his person, and any property, house, residence, vehicle, papers, computer, other electronic communications or data storage devices or media, and effects to search at any time, with or without a warrant, by any law enforcement or probation officer with reasonable suspicion concerning a violation of a condition of supervised release or unlawful conduct by the person, and by any probation officer in the lawful discharge of the officer's supervision functions.

A-4

**(e) Modification of Conditions or Revocation.**— The court may, after considering the factors set forth in section 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)—

(1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice;

(2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision;

(3) revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than 5 years in prison if the offense that resulted in the term of supervised release is a class A felony, more than 3 years in prison if such offense is a class B felony, more than 2 years in prison if such offense is a class C or D felony, or more than one year in any other case; or

(4) order the defendant to remain at his place of residence during nonworking hours and, if the court so directs, to have compliance monitored by telephone or electronic signaling devices, except that an order under this paragraph may be imposed only as an alternative to incarceration.
. . .

A-5

**(g) Mandatory Revocation for Possession of Controlled Substance or Firearm or for Refusal To Comply With Drug Testing.**— If the defendant—

(1) possesses a controlled substance in violation of the condition set forth in subsection (d);

(2) possesses a firearm, as such term is defined in section 921 of this title, in violation of Federal law, or otherwise violates a condition of supervised release prohibiting the defendant from possessing a firearm;

(3) refuses to comply with drug testing imposed as a condition of supervised release; or

(4) as a part of drug testing, tests positive for illegal controlled substances more than 3 times over the course of 1 year;

the court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment not to exceed the maximum term of imprisonment authorized under subsection (e)(3).

**(h) Supervised Release Following Revocation.**— When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

. . .

## 21  U.S.C. § 841. Prohibited acts A

(a) Unlawful acts

Except as authorized by this subchapter, it shall be unlawful for any person knowingly or intentionally—

(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance; or

(2) to create, distribute, or dispense, or possess with intent to distribute or dispense, a counterfeit substance.

(b) Penalties
Except as otherwise provided in section 849, 859, 860, or 861 of this title, any person who violates subsection (a) of this section shall be sentenced as follows:
. . .
(1) (C) In the case of a controlled substance in schedule I or II, gamma hydroxybutyric acid (including when scheduled as an approved drug product for purposes of section 3(a)(1)(B) of the Hillory J. Farias and Samantha Reid Date-Rape Drug Prohibition Act of 2000), or 1 gram of flunitrazepam, except as provided in subparagraphs (A), (B), and (D), such person shall be sentenced to a term of imprisonment of not more than 20 years and if death or serious bodily injury results from the use of such substance shall be sentenced to a term of imprisonment of not less than twenty years or more than life, a fine not to exceed the greater of that authorized in accordance with the provisions of title 18 or $1,000,000 if the defendant is an individual or $5,000,000 if the defendant is other than an individual, or both. If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years and if death or serious bodily injury results from the use of such substance shall be sentenced to life imprisonment, a fine not to exceed the greater of twice that authorized in accordance with the provisions of title 18 or $2,000,000 if the defendant is an individual or $10,000,000 if the defendant is other than an individual, or both. Notwithstanding section 3583 of title 18, any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 3 years in addition to such term of imprisonment and shall, if there was such a prior conviction, impose a term of

supervised release of at least 6 years in addition to such term of imprisonment. Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person sentenced under the provisions of this subparagraph which provide for a mandatory term of imprisonment if death or serious bodily injury results, nor shall a person so sentenced be eligible for parole during the term of such a sentence.

## § 846. Attempt and conspiracy

Any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

A-9

**US SENTENCING GUIDELINES**