**ORAL ARGUMENT HAS NOT YET BEEN SCHEDULED**

No. 13-4571

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**United States of America**

v.

**William Barnes**

ON APPEAL FROM THE UNITED STATES
DISTRICT COURT FOR THE DISTRICT OF MARYLAND,
GREENBELT DIVISION

**CORRECTED REPLY BRIEF OF APPELLANT**

**Carmen D. Hernandez**
7166 Mink Hollow Rd
Highland, MD  20777
(240) 472-3391
*Counsel for Appellant*

D.Ct. No: 8:06-cr-00131-RWT-11

# TABLE OF CONTENTS

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CITATIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

ARGUMENT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

CERTIFICATE OF COMPLIANCE.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

CERTIFICATE OF FILING AND SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . 6

# TABLE OF CITATIONS

**A.   Sentencing Guidelines**

USSG § 7B1.4, comment. (n.4).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

# ARGUMENT

In its response, the Government ignores the mitigating factors and overstates aggravating factors regarding Mr. Barnes' conduct.

First, while the Court found that Mr. Barnes had violated three conditions of supervised release there were mitigating aspects to all three violations. *See* JA15. For example, the Court found that Mr. Barnes had violated his conditions by failing to permit a home visit by the probation officer on April 9, 2013. *See* JA 15 (violation #3). However, the reason that Mr. Barnes was absent from the home on that date was because he was at the emergency room of the local hospital, MedStar St. Mary's Hospital, receiving treatment for a back injury. JA 81, 99 (proffer of medical record). Similarly, the Court found that Mr. Barnes had failed to appear for a scheduled substance abuse treatment on April 5, 2013 but Mr. Barnes, who does not drive is dependent on family and friends to transport him to attend any treatment appointments, so that his absence on that occasion was not wilful. *See* JA 15 (violation #2); JA 99-100 (explaining transportation problems). Finally, the third violation involved a dirty urine on March 25, 2013, three days after his release from the halfway house. JA 15; JA 78. As Mr. Barnes explained to the Probation Officer he had used drugs while in the halfway house. JA 89. This was at the tail end of his

6-month term of imprisonment for his first violation of supervised release during which time Mr. Barnes received no drug treatment.

Moreover, the Court and the Government incorrectly perceived that Mr. Barnes had received a lenient sentence during his initial sentence. *See, e.g.,* JA 85-86. In fact, at the sentencing on the offense of conviction the Court did not grant Mr. Barnes a downward departure or variance but simply imposed a sentence within the properly calculated guideline range. At the initial sentencing, the district court had properly calculated that Mr. Barnes had a single criminal history point and a total offense level of 25, which included a 2-level reduction under the Safety Valve, 18 U.S.C. § 3553(f) with a resulting sentencing range of 46 to 57 months. *See* Judgment, May 13, 2008, Statement of Reasons at 1. It then sentenced Mr. Barnes to a term of 55 months' imprisonment. Judgment at 2. Thus, at his original sentencing, the district court had sentenced Mr. Barnes toward the high end of the guideline range. *Compare* USSG § 7B1.4, comment. (n.4) (greater sentence may be warranted where the original sentence was the result of a downward departure). Indeed, under current guidelines which reflect the 2-level reduction for crack cocaine offenses and the 2-level across-the-board reduction for drug offenses which is to go into effect on November 1, 2014 but which federal prosecutors are recommending for current

sentencings, Mr. Barnes' sentencing range would have been 37 to 46 months, a range below the sentence imposed.

The Government's recitation of the facts underlying his original conviction overstates Mr. Barnes conduct. This was Mr. Barnes' first felony offense. His drug offense was attributable to his own addiction and in part, instead of distributing the cocaine that had been fronted to him, he ingested it.

Moreover, since his release from prison after completing his term of imprisonment, Mr. Barnes has not reoffended except to the extent that he has used cocaine.

Finally, in determining the appropriate sentence on the violation, the district court's decision to ignore Mr. Barnes' recent diagnosis for bipolar disorder, which explains at least in part his use of drugs, was plainly unreasonable. This was particularly unreasonable because the district court did not recommend to the Bureau of Prisons that Mr. Barnes be evaluated or receive appropriate mental health treatment or medication. So also, the district court's decision not to delay Mr. Barnes' reporting date so that he could participate in genetic testing regarding his son's spastic paraplegia was plainly unreasonable.

## CONCLUSION

For the reasons stated above, Mr. Barnes respectfully requests that this Court vacate the district court's revocation of his supervised release and remand this case to the district court for rehearing and re-sentencing.

Respectfully submitted,

/s/

**Carmen D. Hernandez**
7166 Mink Hollow Road
Highland, MD 20777
240-472-3391
**Counsel for Appellant**

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I hereby certify, based on the word-counting function of my word processing system (Word Perfect version X4), that this brief complies with the type-volume limitations of Fed. R. App. P. 32(a)(7)(B) in that the brief was prepared monospaced format (Times New Roman, font size 14) and contains 686 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

/s/
**Carmen D. Hernandez**
Attorney for Defendant/Appellant

## CERTIFICATE OF FILING AND SERVICE

I HEREBY CERTIFY that on this 29th day of April, 2014, the required number of copies of the Corrected Reply Brief were electronically filed for delivery to AUSA James Crowell and the requisite number of paper copies were hand-delivered to the Clerk.

/s/
**Carmen D. Hernandez**
Attorney for Defendant/Appellant